E. T. MURRY & Co. *v.* DENNIS CONNER, *et al.*

ATTACHMENT. *Judgment void for want of service of.* Upon bill filed to reach a fund to satisfy a judgment obtained in a suit brought by attachment, and the bill showing that defendant was not a non-resident, and the attachment was not issued on that ground; .

*Held,* that the judgment was void, and the facts not entitling complainant to relief, it was error so to decree.

Case cited: Brown *v.* Brown, 2 Sneed, 431.

FROM DAVIDSON.

Appeal from the Chancery Court. E. H. EAST, Chancellor.

W. F. COOPER for plaintiff.

S. J. HENDERSON for defendant.

FREEMAN, J., delivered the opinion of the Court.

This bill is filed to reach a surplus fund in the Chancery Court, on the footing with a mechanic's lien, fixed on the property before a sale under prior incumbrances.

The bill states distinctly, on its face, that the judgment sought to be enforced was obtained in a suit brought by attachment against defendant, Conner, and shows that said Conner is a resident of Davidson County. We must take this statement to be true,

and cannot infer that the suit was by a summons against the defendant, and attachment levied on the house on which the lien is claimed to have existed. If the facts be as charged, then, under the case of *Brown* v. *Brown,* 2 Sneed, 431, the judgment is void for want of service of process on the defendant, he not being a non-resident, and the attachment not being issued or claimed to have been issued on this ground. In the above case it is held, page 436, that "the attachment to enforce the mechanics' lien is but ancillary, and collateral to the original process, which compels the appearance of the defendant. He must have his day in Court to make his defence, for the matter in contest is the justice of the plaintiff's demand; that being settled, the lien is a matter of course." It follows, that, upon the allegation of complainants bill, the judgment under which he claims is void, and he had no lien to enforce. The *pro confesso* but admitted the facts charged in the bill, and the facts not entitling complainant to relief, it was error in the Court to so decree.

Reverse the decree and dismiss the bill with costs.